**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| ERIC ARMENTEROS,<br><br>Plaintiff,<br><br>v.<br><br>SMILEY, CORNETT, CORLEY, LEE, BURRIS, FLAKES, KILLINGSWORTH, HARSHMAN, ARCIENEGY,<br><br>Defendants. | CAUSE NO. 3:25-CV-287-TLS-JEM |

**OPINION AND ORDER**

Eric Armenteros, a prisoner without a lawyer, filed a complaint. ECF 2. Under 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must give a pro se complaint liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Armenteros alleges staff at the Westville Correctional Facility (WCF) failed to evacuate him from his cell during a fire that occurred at the prison on January 28, 2025. He claims he woke up at around 5:00 A.M. coughing from the smoke that had filled his cell. He says he and the other inmates asked "staff" to allow them to "step outside in front of the dorm, but they

refused." ECF 2 at 2. At this point, Armenteros began to vomit. His eyes burned, and he was having trouble breathing. Armenteros says he was traumatized by the incident because there was no alarm, no visible fire extinguishers, and no way of knowing where the exits were. He states, "Everyone named as defendants are aware and have been aware of the failure that has been going on in-relation to my safety, and other incarcerated men at this facility." *Id.* at 3. He says he hasn't received "any medication to date" (he doesn't say what for), but he admits he received a chest x-ray after the incident. *Id.* Armenteros has sued Warden Smiley, Major Cornett, Ms. Corkey, Captain Lee, Lieutenant Burris, Sgt. Flakes, Sgt. Killingsworth, Sgt. Harshman, and Officer Arcienegy for monetary damages and injunctive relief in the form of having the prison "install fire warning systems, do fire drills, and post informative signs through-out dorms pertaining to fire emergencies . . . ." *Id.* at 4.

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). "An official can violate the Constitution if he or she exhibits deliberate indifference to hazardous conditions that may seriously harm an inmate. *Thomas v. Blackard*, 2 F.4th 716, 719 (7th Cir. 2021). Deliberate indifference encompasses both objective and subjective components:

> A prisoner challenging conditions of confinement must first show that the conditions were sufficiently serious as an objective matter, meaning that they denied the inmate the minimal civilized measure of life's necessities, creating an excessive risk to the inmate's health and safety. Second, in covering the subjective component of the inquiry, the inmate must prove that prison officials acted with deliberate indifference—that they knew of and disregarded this excessive risk of harm to the inmate.

*Id.* at 719–20 (cleaned up). Put another way, an inmate can state a viable claim for deliberate indifference if he alleges the defendant "deliberately ignored a prison condition that presented an

objectively, sufficiently serious risk of harm." *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014) (citation omitted).

With regard to the seriousness of the conditions, "[p]risons must 'provide humane conditions of confinement,' *Farmer v. Brennan*, 511 U.S. 825, 832 (1994), but that does not mean that prisons must provide a maximally safe environment free from any minor contaminants, *Carroll v. DeTella*, 255 F.3d 470, 472–73 (7th Cir. 2001)." *Fernandez Haire v. Hepp*, No. 25-1023, 2026 WL 2445437, at *1 (7th Cir. Aug. 20, 2026). "Generally speaking, challenges to conditions of confinement cannot be aggregated and considered in combination unless 'they have a mutually enforcing effect that produces the deprivation of a single, identifiable need such as food, warmth, or exercise—for example, a low cell temperature at night combined with a failure to issue blankets.'" *Johnson v. Prentice,* 29 F.4th 895, 904 (7th Cir. 2022) (quoting *Wilson v. Seiter*, 501 U.S. 294, 304 (1991)). Allegations of vague "overall conditions" aren't sufficient. *Id*. Regarding state of mind, "[d]eliberate indifference occupies a space slightly below intent and poses a 'high hurdle and an exacting standard' requiring 'something approaching a total unconcern for the prisoner's welfare in the face of serious risks.'" *Stockton v. Milwaukee Cnty.*, 44 F.4th 605, 615 (7th Cir. 2022) (quoting *Donald v. Wexford Health Sources, Inc*., 982 F.3d 451, 458 (7th Cir. 2020)); *see also Rasho v. Jeffreys*, 22 F.4th 703, 710 (7th Cir. 2022) (stating that deliberate-indifference claims will fail absent evidence of "callous disregard" for inmate wellbeing). "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to state a constitutional claim. *Hildreth v. Butler*, 960 F.3d 420, 426 (7th Cir. 2020); *see also Stockton*, 44 F.4th at 615.

Here, Armenteros claims generally that the "staff" at WCF failed to evacuate him from his cell or let him step outside during the fire. He doesn't attribute this refusal to any particular

individual or individuals. *See Moderson v. City of Neenah*, 137 F.4th 611, 617 (7th Cir. 2025) ("A defendant cannot be held liable for a constitutional violation if she did not cause or participate in the alleged violation*."*) (citation omitted)); *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (allegations that referred to "defendants" collectively without connecting specific defendants to specific acts were insufficient under federal pleading standards); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the violations are responsible."); *see also Aguilar v. Gaston-Camara*, 861 F.3d 626, 633 (7th Cir. 2017) ("[T]he division of labor is critical to the efficient functioning of the [prison] organization."); *Burks v. Raemisch*, 555 F.3d 592, 593–94 (7th Cir. 2009) (explaining that there is no general respondeat superior liability under 42 U.S.C. § 1983).

Even if he had specified which defendants did what, his description of the circumstances surrounding the fire is impermissibly vague. He doesn't say how long he was subjected to the smoke, when he was let out of the cell, and/or when he went to medical. Similarly, he admits he received a chest x-ray, but he doesn't describe his medical care since then in any other way. His allegations are insufficient to state a claim against any of the named defendants. *See, e.g., Taha v. Intl. Bhd. of Teamsters, Loc. 781*, 947 F.3d 464, 469 (7th Cir. 2020) ("[A] complaint must plead more than an unadorned, the-defendant-unlawfully-harmed-me accusation. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.") (internal quotations marks and citations omitted)); *Schillinger v. Kiley*, 954 F.3d 990, 994 (7th Cir. 2020) ("A plaintiff must include adequate factual detail to lift his claims from mere speculative possibility to plausibility." (citation omitted)).

Finally, although Armenteros claims that no alarms went off during the fire, that there were no "visible" fire extinguishers, and that the inmates don't know the emergency fire plan,

none of these allegations suggest deliberate indifference on the part of the named defendants. Armenteros describes a single fire during which inmates weren't evacuated before they experienced symptoms from the smoke. Even if some of fire-safety equipment was malfunctioning or missing, he doesn't indicate who was responsible for installing or maintaining the equipment, nor does he allege they were notified of the deficiencies beforehand. To the extent he argues "everyone" named as a defendant was aware of the issues, these conclusory allegations don't state a claim. *See Aguilar*, 861 F.3d at 633; *Burks*, 555 F.3d at 594; *see also Taha*, 947 F.3d at 469; *Schillinger v. Kiley*, 954 F.3d at 994. At most, Armenteros's current claims sound in negligence, which isn't a constitutional violation. *See Hildreth*, 960 F.3d at 425–26.

This complaint does not state any claims for which relief can be granted. If Armenteros believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Eric Armenteros until **October 7, 2026**, to file an amended complaint; and

(2) CAUTIONS Eric Armenteros if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state any claims for which relief can be granted.

SO ORDERED on September 9, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT